IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROYCE J. KELLEY, III, | : | |
| Plaintiff, | : | |
| v. | : | CA 15-00657-CB-C |
| BALDWIN COUNTY CORRECTIONAL CENTER, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

This matter has been referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1). For the reasons stated herein, it is recommended that the Court dismiss this action based upon the Plaintiff's failure to prosecute this action and comply with the Court's Order (the "February 22 Order") (Doc. 7) entered on February 22, 2016.

On December 28, 2015, the Plaintiff, acting *pro se*, filed a hand-written complaint. (*See* Doc. 1). The Court then entered an order on January 5, 2016 (the "January 5 Order") (Doc. 2) requiring the Plaintiff by January 26, 2016 to complete this Court's form complaint under 42 U.S.C. § 1983 and to either pay the $400.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees. The January 5 Order, however, was returned as undeliverable. (*See* Doc. 4). In January, the Plaintiff filed two two hand-written motions to proceed without prepayment of costs. (*See* Docs. 3 & 5). On February 16, 2016, the Plaintiff filed a notice informing the Court that his address had changed. (*See* Doc. 6).

Consequently, this Court entered the February 22 Order directing the Clerk to send a copy of the January 5, 2016 Order, a copy of the February 22 Order, this Court's form complaint under § 1983, and this Court's form for a motion to proceed without

prepayment of fees to the Plaintiff at his new address.  (*See* Doc. 7 at 1-2).  Further, the February 22 Order required the Plaintiff to inform the Court of his residency status and comply with the Court's previous orders–to complete the form complaint under § 1983 and to either pay the $400.00 filing fee or, in lieu thereof, file the Court's form motion to proceed without prepayment of costs–no later than March 10, 2016.  (*See id.* at 2).  In the February 22 Order, the Court specifically stated that the Plaintiff's "[f]ailure to comply with the Court's orders within the prescribed time will result in the dismissal of this action for failure to prosecute and to comply with the Court's order."  (*Id.*).

The Plaintiff has failed to comply with the Court's February 22 Order.  (*See* Docket Sheet).  To date, the Plaintiff has not filed this Court's form complaint under § 1983, paid his $400.00 filing fee, filed the Court's form motion to proceed without prepayment of costs, or filed a motion requesting additional time to take these actions.  (*See id.*).

An action may be dismissed if a plaintiff fails to prosecute the action or he fails to comply with any court order.  FED. R. CIV. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (quoting another source) ("A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.").

As a result of the Plaintiff's failure to comply with this Court's February 22 Order, it is **RECOMMENDED** that the Court **DISMISS** this case **WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 41(b) due to the Plaintiff's failure to prosecute this action and obey this Court's lawful orders.  If the Plaintiff wants to comply with the Court's February 22, 2016 Order, the Plaintiff may, together with filing a written

objection as detailed below, file a motion to amend his complaint that also informs the Court of his residency status, file a completed version of the Court's form § 1983 complaint, and either pay the $400.00 filing fee or file the Court's form motion to proceed without prepayment of costs

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to the Plaintiff.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

before the Magistrate Judge is not specific.

**DONE** this the 15th day of April 2016.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**